In the Interest of **G. M. D.** and **R. V. D., Minors under 17 years of age, Respondents,**

v.

**M. D., Appellant.**

**No. 42078.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 25, 1980.

Paul J. Harris, Gene Pepka, St. Ann, Tim B. Brassil, St. Louis, for appellant.

Gregory D. O'Shea, St. Louis, for respondents.

SMITH, Presiding Judge.

The natural father, M. D., appeals from the action of the trial court dismissing his motion to set aside a decree providing for the adoption of his daughters by his ex-wife and her husband. The adoption was granted at a hearing at which M. D. did not appear. Service had been obtained upon him by publication.

In his motion to set aside the judgment in the adoption proceeding (filed within three months of the judgment of adoption) M. D. alleged a series of grounds for setting aside the decree. The court dismissed three of the four counts of that motion without hearing and dismissed the final count after M. D. had produced his evidence at the hearing. There was considerable evidence

at the hearing to support M. D.'s contention that he had not willfully neglected nor abandoned his children. The main thrust of his motion, however, was that the adopting parents had been guilty of fraud (constructive or actual) in proceeding by service through publication, when in fact they knew his address, that of his mother, had communicated with him and his mother immediately prior and after the adoption proceeding was filed, knew he was represented by counsel and that that counsel had been in contact with their counsel concerning visitation and child support. M. D.'s evidence was that at no time was he, his mother, or his attorney advised of the adoption proceeding. Because the record clearly establishes that the service by publication was void, we need not determine the fraud issue.

■■■ Sec. 453.030 [1] provides that the consent of both natural parents is required before an adoption can be decreed. This requirement is jurisdictional, and in the absence of consent the court lacks jurisdiction to proceed. *In re D...*, 408 S.W.2d 361 (Mo.App.1966). There are exceptions to the consent requirement. These are enumerated in Sec. 453.040. One of those exceptions, and the one alleged in the adoption petition here, is that the natural parent has willfully abandoned the child or has willfully neglected to provide him with proper care and maintenance. In the absence of consent, it is jurisdictional that the court find one of the exceptions set forth in Sec. 453.040 before it can proceed to grant the adoption. *In Matter of R. A. B. v. R. A. B.*, 562 S.W.2d 356 (Mo.banc 1978) [1–4]; *Adoption of Mike and Russ*, 553 S.W.2d 706 (Mo.App.1977) [2]; *In Matter of E. C. N.*, 517 S.W.2d 709 (Mo.App.1974) [1, 3–7]. Sec. 453.060 provides that a writ of summons and a copy of the petition *shall* be served upon any person whose consent is not required under Sec. 453.040(4). In this case that is M.D. Sec. 453.090 provides that *upon* the granting of the adoption all legal relationships and rights and duties between the child and the natural parents terminate. Because a natu-

ral parent's rights are valuable, both the statutes on adoption and service and general concepts of due process require that he be given an opportunity to defend against the termination of those rights. *Rochford v. Bailey*, 322 Mo. 1155, 17 S.W.2d 941 (banc 1929); *State ex rel. J. D. S. v. Edwards*, 574 S.W.2d 405 (Mo.banc 1978). In the absence of such opportunity the trial court lacks jurisdiction to find abandonment or neglect and so lacks jurisdiction to grant the adoption.

Sec. 453.060(3) provides that if service of summons cannot be made as prescribed by Sec. 506.150 (personal service) then it may be made by mail or publication as provided in Sec. 506.160. The provisions of Sec. 506.-160(3) require that if the plaintiff or a person for plaintiff allege in his verified petition or in an affidavit one of three specific grounds the court shall issue an order of publication. Those grounds are that the defendant is a nonresident, or that he has absconded or absented himself from his usual place of abode or that he has concealed himself. Rule 54.17 provides that the order of publication shall issue when the party desiring such service files a verified statement stating *facts* showing why service cannot be obtained under the rules dealing with personal and mail service.

"Constructive service by publication is in derogation of the common law. Authority for it arises solely from the statute creating it. To be effective, strict compliance with the statute is required." *Orrick v. Orrick*, 241 Mo.App. 143, 233 S.W.2d 826 (1950), l.c. 828[2].

No reference to any ground for service by publication was contained in the petition for adoption. The affidavit for service by publication stated "that the defendant M. G. D. is the natural father of R. V. D. and G. M. D.; that a petition for adoption has been filed and *service cannot be obtained by the normal process of law*." (Emphasis supplied). The affidavit further stated that defendant's present address was "unknown."

1. All statutory references are to RSMo 1978.

There was no allegation that M. D. was a nonresident, that he had absconded or absented himself from his usual place of abode, or that he was concealing himself. No factual allegation required by the statute for service by publication was made in the affidavit. No facts showing why personal or mail service could not be obtained were alleged as required by the rule. As stated in *Orrick, supra,* l.c. 828[3]:

> "We cannot read into the statute any authority for constructive service on the mere ground that the plaintiff does not know the present address of the defendant and has been unable to obtain it."

Nor does the existence of a return by the Sheriff of St. Louis County that "After due and diligent search the within named defendant M. G. D. cannot be found in the County of St. Louis, Mo." supply the deficiencies in the affidavit. Such a return does not establish that defendant is a nonresident of the state, or that he has absconded or absented himself from his place of abode or that he is concealing himself. *Driscoll v. Konze,* 296 S.W.2d 31 (Mo.1956). No explanation of what attempts to locate defendant were made by the Sheriff is contained in the return, and the affidavit makes no reference to the return. In fact the return contains no date as to when service was attempted.

The application for an order of publication was insufficient to authorize the order made; that order was therefore void and the decree of adoption in the absence of jurisdiction over defendant, was a nullity and void. *Rochford v. Bailey, supra; Sigwerth v. Sigwerth,* 299 S.W.2d 581 (Mo.App. 1957).

The order of the trial court dismissing M. D.'s motion to set aside the adoption decree is reversed and the cause is remanded with instructions to set aside the decree of adoption.

SATZ and SIMON, JJ., concur.