**In the Interest of C.L.P., R.M.P., D.L.S., Betty J. Seeley, Juvenile Officer Twenty-Third Judicial Circuit, Petitioner-Appellant,**

v.

**John PATE, Donald Salisbury, Charlotte Salisbury, Defendants-Respondents.**

No. 65334.

Supreme Court of Missouri,
En Banc.

July 17, 1984.

Vernon R. Dawdy, Fenton, for petitioner-appellant.

Phillip Pitts, Hillsboro, for defendants-respondents.

Melody A. Emmert, Missouri Div. of Family Services, Gen. Counsel Div., Dept. of Social Services, Jefferson City, for amicus curiae.

WELLIVER, Judge.

This is an appeal from the Circuit Court of Jefferson County involving the termina-

tion of parental rights. The sole issue before us is whether § 211.447.2(2)(i)b, RSMo Cum.Supp.1983,[1] is unconstitutional on its face. The trial court held that the language of this subsection of § 211.447 is unconstitutionally vague and overbroad. We have jurisdiction pursuant to Mo. Const. art. V, § 3. We reverse.

Appellant, the juvenile officer of Jefferson County, filed petitions for terminating the parental rights of the natural parents of C.L.P., R.M.P., and D.L.S. Respondent Charlotte Salisbury is the natural mother of all three children. Respondent John Pate is the natural father of C.L.P. and R.M.P. Respondent Donald Salisbury is the natural father of D.L.S. As grounds for the termination of their parental rights, the petitions against Charlotte and Donald Salisbury allege:

    A.   The custody of the child has not been with his parents for six months or longer, and the parent has failed, on a continuing basis, to rectify the conditions which formed the basis of the petition filed under Section 211.-181, RSMo. and there is reasonable cause to believe that the parent will not, even if given more time, rectify those conditions on a continuing basis, and that the Division of Family Services has used reasonable, diligent and continuing efforts to aid the parent to rectify the conditions and provide on a continuing basis a proper home for the child.

    B.   An appropriate plan approved by the Court has not been complied with by the parent. There have been three Court-ordered plans to give the parent an opportunity to prove she could provide a home for the child.

Charlotte and Donald Salisbury filed motions to dismiss the petitions, alleging, *inter alia*, that the statutory ground for termination stated in the petition is vague, uncertain, overbroad, and fails to inform a parent of ordinary intelligence of the conduct that is required or proscribed. The juvenile court held a hearing on the motion. The court thereafter found that the grounds for termination stated in the petitions were couched in the statutory language of § 211.447.2(2)(i)b and sustained respondents' motion to dismiss, holding this subsection unconstitutionally vague and overbroad.

The provision being challenged in this case is § 211.447.2(2)(i)b, which provides:

The juvenile court may, upon a petition filed by the juvenile officer under this section, terminate the rights of parent to a child if it finds that such termination is in the best interest of the child and one or more of the following conditions are found to exist:

    . . . .

(2) When it appears by clear, cogent and convincing evidence that one or more of the following conditions exist:

    . . . .

    (i) The child has come under the jurisdiction of the juvenile court pursuant to the provisions of subdivision (1), paragraph (a), (b) or (c)[2] of section 211.031, and pursuant to an order of the court under section 211.181, and thereafter:

    b.   The custody of the child has not been with his parents for six months or longer, or the child has been under the jurisdiction of the court for one year or longer, immediately prior to the filing of the petition to terminate, and the parent has failed, on a continuing basis, to rectify the conditions which formed the basis of the petition filed under section 211.-031, and the order entered under section 211.181, and there is reasonable cause to believe that the parent will not, even if given more time, rectify those conditions on a continuing basis, and that the juvenile officer, division of family services or other agency has used reasonable, diligent and continuing efforts to aid the

---

1. All subsequent references are to RSMo Cum. Supp.1983 unless otherwise indicated.

2. Subdivision (1) of § 211.031.1 contains only paragraphs (a) and (b). The compilers note that this section was amended in 1980 and the drafters may not have been aware of this change.

parent to rectify the conditions and provide on a continuing basis a proper home for the child.

This section contemplates two separate proceedings. First, a neglect proceeding pursuant to § 211.031 and § 211.181; and second, a parental termination proceeding pursuant to § 211.447. The purpose for each of these proceedings is different. "The neglected child provisions contemplate only a temporary shift in custody and leave the parental rights intact," while the termination provision "contemplates a complete and permanent rupture of the family relationship." *State ex rel. Brault v. Kyser,* 562 S.W.2d 172, 174 (Mo.App.1978). The crux of a parental termination proceeding under § 211.447.2(2)(i)b is that the parent has failed to rectify the condition or conditions which formed the basis for the neglect proceedings. Both this Court and the courts of appeals have upheld parental terminations upon the basis set forth in § 211.447.2(2)(i)b,[3] although no constitutional challenge was raised in those cases. *In Interest of J.Y.,* 637 S.W.2d 670 (Mo. banc 1982); *In Interest of D.E.J. v. G.H.B.,* 631 S.W.2d 113 (Mo.App.1982); *In Interest of L.A.H.,* 622 S.W.2d 319 (Mo.App.1981); *In Interest of M.K.P.,* 616 S.W.2d 72 (Mo. App.1981). The sole question now before us is whether the language in § 211.447.-2(2)(i)b is vague or overbroad in contravention to the due process clause in the fourteenth amendment.

■ Several well-established principles guide us when considering a facial attack on the constitutionality of duly enacted legislation. A statute is presumed constitutional and will not be declared unconstitutional unless it clearly and undoubtedly violates some constitutional provision. *In Matter of Trapp,* 593 S.W.2d 193, 202 (Mo. banc 1981), appeal dismissed, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982). Where the words of a statute are of common usage and understandable by persons of ordinary intelligence, they satisfy the constitutional requirement as to definiteness and certainty; but if the terms are of such uncertain meaning, or so confused that courts cannot discern with reasonable certainty what is intended, the statute is void. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982), appeal dismissed, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Prokopf v. Whaley,* 592 S.W.2d 819, 824 (Mo. banc 1980). Absolute certainty and definiteness of the statute is not required; rather, the language must sufficiently apprise the parent or parents against whom termination is sought of the conduct proscribed. *Trapp, supra* at 202; *In Interest of W.F.J.,* 648 S.W.2d 210, 214 (Mo.App.1983).

■ We find that the language in § 211.-447.2(2)(i)b satisfies these constitutional principles. A termination petition under this provision can be brought only after a child has already come under the jurisdiction of the juvenile court in a neglect proceeding pursuant to § 211.031.1(1)(a) or (b). Subsection 2(2)(i) also requires, pursuant to § 211.181, that the juvenile court in a neglect proceeding have made a finding of fact indicating the basis for its jurisdiction and decree an order for the disposition or treatment of the child. The failure to rectify the condition or conditions that led to the neglect proceeding under § 211.031 and the court order under § 211.181 form the basis for the petition to terminate parental rights under subsection 2(2)(i)b. Pursuant to sections 211.091, RSMo.1978, 211.131(2) RSMo 1978, and § 211.101(1) & (2) RSMo 1978, parents are afforded notice of these neglect proceedings, and we have upheld the constitutionality of these proceedings against a similar facial attack. *Trapp, supra.* In light of the information gained from the neglect proceeding—including a finding and order by the juvenile court pursuant to § 211.181, we fail to see how § 211.447.2(2)(i)b does not afford notice of the conduct forming the basis for the termination petition. In addition, this subsec-

---

**3.** The grounds for termination set forth in § 211.447.2(2)(i)b are the same as those contained in the prior parental termination statute under which these cases were decided. *See* § 211.447.2(2)(h)b, RSMo 1978.

tion requires that the "juvenile officer, division of family services or other agency has used reasonable, diligent efforts to aid the parent" in rectifying the conditions which led to the neglect proceeding. Such aid quite naturally assists a parent in understanding the reasons for the neglect proceeding and the basis for the termination petition. Without a showing to the contrary,[4] the statutory conduct forming the basis for the termination petition is not unconstitutionally vague or overbroad.

Section 211.447.2(2)(i)b is modeled after parental termination provisions enacted in many other jurisdictions. These provisions are premised on the belief that where a child has come under the jurisdiction of the juvenile court because of the parents' past neglect and the parents have failed to rectify the conditions for which the juvenile court originally asserted jurisdiction, the best interests of the child may be served better by permanent placement than by keeping the child under a temporary custody status. *See* Reynolds & Lacoursiere, *Interminable Child Neglect/Custody Cases: Are There Better Alternatives?*, 21 J.Fam.L. 239, 269 (1982–83); Katz, *Freeing Children for Placement Through a Model Act*, 12 Fam.L.Q. 203 (1978); National Council of Juvenile Court Judges, Model Statute for Termination of Parental Rights § 12(a) (1976); Revised Uniform Adoption Act § 19(c), 9 U.L.A. 11 (1979). We believe it is significant that courts in several jurisdictions having such parental termination provisions have dismissed constitutional challenges on vagueness grounds. *See In re Moore*, 306 N.C. 394, 293 S.E.2d 127

(1982), appeal dismissed, 459 U.S. 1139, 103 S.Ct. 776, 74 L.Ed.2d 987 (1982); *In re Keyes*, 574 P.2d 1026 (Okla.1977), appeal dismissed, 439 U.S. 804, 99 S.Ct. 59, 58 L.Ed.2d 97 (1978); *Knox v. Lynchburg Div. of Social Services*, 223 Va. 213, 288 S.E.2d 399 (1982).

We hold that the grounds for terminating parental rights stated in § 211.447.-2(2)(i)b are not unconstitutionally vague or overbroad. The cause is reversed and remanded for further proceedings consistent with this opinion.

RENDLEN, C.J., HIGGINS, GUNN, BILLINGS and BLACKMAR, JJ., and HOUSER, Senior Judge, concur.

DONNELLY, J., not sitting.

---

**4.** We are not here concerned with the application of this statute to a given set of facts, yet we recognize that this particular subsection of the statute must satisfy constitutional and statutory safeguards when the State seeks to terminate the rights of a parent to its natural child. Parents have an unquestionable fundamental liberty interest in the care, custody and management of their natural children. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In a proceeding brought by a governmental agency, the rights of parents in their natural children may not be completely and irrevocably severed unless clear and convincing evidence supports the State's allegations. *Id.*

The Missouri legislature, even before the United States Supreme Court opinion in *Santosky, supra,* required that the statutory conditions for termination be supported by "clear, cogent and convincing evidence." § 211.447.2(2). In a proceeding under § 211.447.2(2)(i)b, this would appear to require clear, cogent and convincing evidence of both the conditions that caused the child to come under the jurisdiction of the juvenile court pursuant to § 211.031 and the necessary requirements for initiating a termination petition under § 211.447.2(2)(i)b. *See, e.g., In Interest of R.Y., supra; R.L.L. v. Strait,* 633 S.W.2d 409, 410 (Mo.App.1982).