In the Interest of L.G.

F.G., Appellant,

v.

Forestal LAWTON, Juvenile Officer
and L.G., by guardian,
Respondents.

No. 70291.

Supreme Court of Missouri,
En Banc.

Jan. 17, 1989.

Rehearing Denied Feb. 16, 1989.

James O. Swaney, Jr., Kansas City, for appellant.

Molly H. Sammler, Lori Burns–Bucklew, Kansas City, for respondents.

GARY M. GAERTNER, Special Judge.

This appeal arises from a termination of parental rights proceeding in the Circuit Court of Jackson County pursuant to § 211.447, RSMo 1986 at which the court terminated appellant's parental rights. On appeal, F.G.,[1] appellant herein, contends § 211.447.2 is unconstitutional in that it is vague on its face and violates her due process rights. This Court, therefore, has exclusive appellate jurisdiction. Mo. Const. Art. V, § 3. Appellant raises six additional points on appeal. We affirm.

Appellant is the natural mother of L.G., a female born October 14, 1985. The Juvenile Division of the Jackson County Circuit Court obtained jurisdiction over L.G. pursuant to allegations that on December 24,

1985, appellant and L.G. had been residing at the Kansas City bus terminal for four days. After being placed at the Salvation Army shelter, appellant was observed neglecting L.G. Appellant had left L.G. in a room with an open window and L.G. became extremely chilled. Appellant was unable to comprehend child care directions and lacked memory of recent preceding events concerning the child. L.G. was taken into protective custody and placed in foster care on December 25, 1985. On December 30, 1985, L.G. was placed in the home of appellant's mother. On January 28, 1986, appellant's mother moved to Denver and L.G. was placed in the foster home of S.G., a third cousin of appellant, where L.G. has resided ever since.

In June 1986 respondent juvenile officer filed an amended petition which alleged, in addition to abuse and neglect, that appellant had been admitted to Western Missouri Mental Health Center and twice left against medical advice without indicating her future whereabouts. The juvenile court sustained the petition regarding neglect and further found that appellant was unable to care for herself or L.G. The Division of Family Services (DFS) was ordered to continue its efforts to locate appellant. In September 1986 the juvenile officer filed a petition for termination of parental rights based upon the prior neglect findings and appellant's mental condition which allegedly rendered her unable to provide L.G. with necessary care, custody and control.

Appellant's whereabouts remained unknown and a guardian ad litem, an attorney, was appointed to represent her interests. The court later ordered appellant's attorney to give appellant's last known address to the juvenile officer. The juvenile officer made five unsuccessful attempts of personal service on appellant via a Los Angeles County sheriff at two California addresses. The juvenile officer thereafter obtained service by publication. On July 29, 1987, the court held a hearing on re-

---

**1.** The mother will be referred to as F.G. or appellant; the child will be referred to as L.G.

The motion to seal the record filed by L.G.'s *guardian ad litem* is granted.

spondent's petition for termination of parental rights.

The evidence adduced at the hearing reveals that appellant suffers from chronic schizophrenia, disorganized type. Appellant was admitted to Western Missouri Mental Health center four times during the period between August 1985 and June 1986. At various times appellant has suffered from auditory hallucinations, delusional and persecutory beliefs, disorganized irrational thoughts, suspiciousness, and exhibited sexually preoccupied behavior. On January 26, 1988, the juvenile court entered an order terminating appellant's parental rights pursuant to § 211.447.2(2), RSMo 1986.

■ In her first allegation of error appellant asserts that the affidavit filed by the juvenile officer failed to meet the prerequisites for service by publication. Section 211.453.1 provides that service by publication in a termination of parental rights proceeding shall be made as set forth in § 506.160, RSMo 1986. *See* § 211.453.1, RSMo 1986. Section 506.160.3 requires a plaintiff seeking service by publication to allege in his verified petition or in a duly filed affidavit that the defendant is a nonresident of the state, has absconded or absented himself from his usual place of abode or concealed himself so that the ordinary process of law cannot be personally served upon him, and that defendant cannot be served in the manner prescribed by law for personal service. The affidavit or verified petition shall also state defendant's present address, if known, or state that said address is unknown.

The affidavit filed by the respondent juvenile officer stated "that the present whereabouts of [F.G.], last known address of 4307 West Century, Apt. # 117, Inglewood, California are unknown to the Juvenile Officer, therefore, the above parties cannot be personally served in the manner prescribed for personal service." The Los Angeles County sheriff's return accompanied the affidavit. The deputy sheriff stated in the return:

> [A]fter due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/or business, I have been unable to make personal delivery of said process in the County of Los Angeles, on the following person(s) therein named, to Wit: [F.G.]
>
> Address attempted: 4307 W. Century #117–
> Inglewood, CA 90304
> 1000 W. Manchester Apt. #3–
> Inglewood, CA

Reason: DEFENDANT MOVED FROM THE ORIGINAL LOCATION—PER SISTER MADELINE GRAY WHO STATES DEFENDANT IS NOT HOME, UNABLE TO SERVE AFTER FIVE (5) ATTEMPTS.

Appellant argues that the affidavit failed to comply with § 506.160.3 and Rule 54.17(b) and therefore the service by publication was defective. Respondent urges us to hold that the sheriff's return which accompanied the affidavit can be used to remedy the alleged defects in the affidavit.

In challenging respondent's compliance with § 506.160.3, appellant asserts that respondent failed to set forth facts in the affidavit showing that appellant was a nonresident, had absconded or absented herself from her usual place of abode or that she was concealing herself. The statute does not require the affidavit contain facts showing one of these grounds. Rather, the statute only requires a statement by the affiant that the defendant is a nonresident, has absconded or absented himself from his usual abode or is concealing himself. Rule 54.17(b), however, does require the filing of a verified statement setting forth facts showing why personal service or service by mail cannot be obtained.

Both appellant and respondent direct our attention to *G.M.D. v. M.D.*, 610 S.W.2d 305 (Mo.App.1980). In *G.M.D.*, the petition for adoption and the affidavit for service by publication failed to refer to any ground for service by publication upon the child's natural father. *Id.* at 307. The affidavit merely stated that service could not be obtained by the normal process of law and that defendant's present address was un-

known. *Id.* The court of appeals further noted that the sheriff's return, which stated that "after due and diligent search the within named defendant M.G.D. cannot be found in the County of St. Louis, Mo.," did not remedy the deficiencies in the affidavit. *Id.* at 308. It appears, however, that the court of appeals at least considered the sheriff's return, although ultimately rejecting it. Respondent urges us to consider the sheriff's return in the present case.

The purpose of the statute in requiring the grounds for publication to be stated in the petition or affidavit is to provide the court with a factual basis upon which to order service by publication. We find no compelling reason to disregard the sheriff's return when reviewing the sufficiency of said factual basis.

The affidavit stated that appellant's whereabouts were unknown and that her last known address was in California. The sheriff's return stated that five attempts of personal service were made in California. We believe this satisfies the factual showing requirement of Rule 54.17(b) as to why personal service or service by mail could not be effected. Likewise, the affidavit fulfills the requirements of § 506.160.1 when read in conjunction with the sheriff's return. The affidavit did not specifically state that appellant is a nonresident of this state. However, the affidavit did assert that appellant's last known address was in California. The return reveals that five attempts at personal service were made in California and that the California sheriff spoke with appellant's sister who stated that appellant was not home and had moved to another location. The statements in the affidavit and the sheriff's return together provide a sufficient factual basis for publication; *i.e.,* appellant is no longer a resident of this state. We hold that respondent fulfilled the requirements of § 506.160 and Rule 54.17(b).

While we recognize that notice by means of publication is less desirable than personal service and probably futile in this case, it is clearly the best notice that the present circumstances permit. *See Mullane v. Central Hanover Bank & Trust Co.,* 339

U.S. 306, 317, 70 S.Ct. 652, 658–59, 94 L.Ed. 865 (1950). We must balance the rights of appellant in light of the primary concern in this termination case—the best interest of the child. This Court has previously commented upon the importance of expedience in promoting the child's best interests in termination cases:

> We believe the time has come for us to recognize that the awesome responsibility for dealing with termination of parental rights which has been placed on the courts requires that the courts in turn do all within their power to make the execution of this responsibility easier, *fairer, faster and more in the best interest of the child.*

*D.G.N. v. S.M.,* 691 S.W.2d 909, 914 (Mo. banc 1985) (emphasis added). Respondent made an extensive effort to locate appellant. After failing in these efforts respondent sought service by publication which the court twice quashed upon appellant's motion. The court then ordered appellant's attorney to provide respondent with appellant's last known address. Respondent attempted service at that address and a second address in California. Appellant's nonresidence was further corroborated at the hearing by the testimony of her mother. Appellant's mother testified that she stayed at various locations in the Los Angeles area. Appellant's mother stated that appellant had lived with her for several months, had stayed in a convalescent home for a period of time and was in a hospital at the time of the hearing. We also note that appellant's rights were vigorously represented by competent counsel throughout the proceedings. Further delaying the disposition of this child's custody status by ordering republication and another hearing is certainly not in the child's best interest and would be of questionable assistance in the effort to protect the rights of appellant. We believe the proceedings in the juvenile court were ultimately fair. Appellant's first point is denied.

█ In her second point, appellant argues that the affidavit subjected her to the juvenile court's jurisdiction under circumstances that deprived her of due process. At the February 11, 1987, hearing, the

court ordered appellant's attorney to give appellant's last known address to the juvenile officer. Appellant now argues that it is unfair for the court to allow the use of this information in the affidavit in order to subject appellant to the jurisdiction of the court.

We initially note appellant does not argue that the court's order violated the attorney-client privilege, for appellant's attorney did not obtain the information from appellant. Rather, the attorney obtained the address from appellant's mother. Second, appellant's whereabouts had been unknown for nearly two years. She had not been present at any of the proceedings nor had she had any contact with her attorney. L.G.'s best interests are the primary concern in this proceeding. *In re M.E.W.*, 729 S.W.2d 194, 195 (Mo. banc 1987). Making every effort to bring L.G.'s mother into the proceeding would serve L.G.'s best interests. Clearly the court was attempting to bring appellant into the proceedings rather than rely upon the less desirable service by publication. We find no due process violation. Point denied.

■ Appellant next asserts that the trial court erred in failing to dismiss the termination petition or grant her a judgment on the pleadings. Appellant argues that the petition fails to set forth particular facts upon which parental rights could be terminated. The petition alleged that L.G. has been adjudicated to have been abused or neglected and that appellant has a permanent mental condition which rendered her unable to provide adequate care, custody and control. Appellant asserts that the petition failed to allege facts concerning the date, place and manner of the alleged acts, and failed to allege the law or standard of conduct allegedly violated. Appellant argues, therefore, that the petition is insufficient under the fact pleading requirement of Rule 114.01(b)(3), is insufficient under § 211.452.1(4), RSMo, and is insufficient under the fourteenth amendment of the United States Constitution.

We first address the petition's sufficiency under Rule 114.01(b)(3). Rule 114.-01(b)(3) requires a petition filed in juvenile court to set forth with reasonable particularity:

> (3) the facts which bring the juvenile within the jurisdiction of the juvenile court, including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts; ...

The difficulty in applying the facts requirement of Rule 114.01(b)(3) to a petition for termination of parental rights pursuant to § 211.447.2(2) becomes apparent when the grounds for termination pursuant to the statute are compared with the requirements of Rule 114.01(b)(3). The rule requires the petition to set forth facts which bring the juvenile within the jurisdiction of the court, *including* the date, place and manner of the *acts* alleged. Section 211.-447.2(2) does not require any *acts* on the part of the parent for termination. Rather the termination is based upon a prior judicial determination, *i.e.*, the prior neglect or abuse adjudication, which can be supported by the existence of an aggravating circumstance, in this case, a permanent mental condition. Although the petition in the prior adjudication is not before us, the rule would require it to set forth with particularity the date, place and manner of the acts alleged. Insofar as Rule 114.01(b)(3) applies to the case at bar, it only requires the petition to set forth the facts which brought the juvenile within the court's jurisdiction. This requirement was adequately fulfilled by alleging that L.G. was adjudicated to have been neglected. Although setting forth the date and the place of this event in the petition may have been useful, it was not required in this case to put appellant on notice of the grounds of termination.

Appellant also argues that the petition is insufficient under § 211.452.1(4). Section 211.452.1(4) requires that the petition for termination include "[t]he facts on which termination is sought and the ground or grounds authorizing termination pursuant to section 211.447." § 211.452.1(4), RSMo 1986. The fact alleged in the petition was the prior neglect adjudication. Appellant appears to argue that § 211.452.1(4) re-

quires the petition to set forth the facts on which the neglect adjudication was brought. We do not believe the statute so requires. The petition tracked the language of the statute and gave appellant adequate notice of the allegations against her. *In re Trapp*, 593 S.W.2d 193, 198–99 (Mo. banc 1980), *appeal dismissed*, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982). *See also In re D.M.J.*, 683 S.W.2d 313, 314 (Mo.App.1984). Having found that the petition sufficiently apprised appellant of the allegations, appellant's due process argument is equally without merit. Point denied.

■ In her fourth point appellant attacks the constitutionality of § 211.447.2, RSMo 1986. Specifically, appellant asserts that the statute is unclear as to whether a parent's permanent mental condition is a mitigating factor or an element to be proved in a termination of parental rights based upon a prior neglect or abuse adjudication.

Section 211.447.2 provides for termination where the parent has been adjudicated to have abused or neglected the child. The statute goes on to require the court to consider and make findings regarding several conditions and acts of the parent in determining whether to terminate. Those conditions and acts include a permanent mental condition, chemical dependence, a severe act or acts of physical or sexual abuse and repeated or continuous failure to provide adequate food, clothing, shelter and education.

■ We initially note several well-established principles which guide our consideration of an attack on the constitutionality of a duly enacted statute. A statute is presumed constitutional and will not be deemed unconstitutional unless it clearly and undoubtedly violates some constitutional provision. *In re C.L.P.*, 673 S.W.2d 18, 20 (Mo. banc 1984); *Trapp*, 593 S.W.2d at 202. A statute is not unconstitutionally vague if its words are of common usage and understandable by persons of ordinary intelligence. *C.L.P.*, 673 S.W.2d at 20. The statute is impermissibly vague if the terms convey such an uncertain meaning or

are so confusing that courts cannot discern with reasonable certainty what is intended. *Id.* A termination of parental rights statute must sufficiently apprise the parent against whom the termination is sought of the conduct proscribed. *Id.*

We hold that the language in § 211.447.2(2) satisfies these principles. It is clear from the statute that the juvenile court is to consider each of the four above-mentioned conditions or acts in making its determination. Each of these conditions or acts constitutes circumstances having a negative impact on the child and would, if found to exist, support termination. Absence of any of these circumstances would militate against termination, but would not preclude it. Appellant's argument that a permanent mental condition that renders a parent unable to provide a child with the necessary care, custody, and control could be construed as a mitigating factor is totally without merit. Appellant points to former § 211.447.3, which required knowledge and intent on the part of a parent in order to terminate for neglect. *See* § 211.447.3, RSMo 1982 (repealed). Appellant argues, therefore, that a mental condition which rendered a parent unable to form the requisite intent in effect, constituted a defense to termination based upon neglect. *See e.g., In re S.P.W.*, 707 S.W.2d 814 (Mo.App. 1986). As noted above, § 211.447 was amended so that knowledge is no longer an element. Therefore this part of appellant's argument is inapposite. Point denied.

■ In her next point appellant alleges that the application of § 211.447.2 in the present case violated due process. Appellant argues that § 211.447.2 as applied did not require proof of actual or likely harm beyond that which was required in the prior proceedings pursuant to §§ 211.031 and 211.181, RSMo 1986. Appellant asserts that in order to meet due process requirements the statute must require a showing of some actual or likely harm to the child further than that which has already been shown in the prior neglect adjudication. Appellant cites *Alsager v. Dist. Court of Polk County*, 406 F.Supp. 10 (S.D.Iowa 1975), *aff'd*, 545 F.2d 1137 (8th Cir.1976),

for the proposition that the state's interest in child protection through termination is less compelling where the state has already obtained temporary protective custody. *Id.* at 22. Appellant also cites authority to support the argument that substantive due process precludes termination of parental rights in absence of existing or threatened harm to the child. *In re J.N.M.*, 655 P.2d 1032 (Okla.1982). From these two cases appellant concludes that due process requires a showing of actual or likely harm further than that which has already been shown in the neglect adjudication.

Initially we note that the federal court in *Alsager* declared an Iowa termination statute unconstitutional based upon deficiencies that do not arise in § 211.447.2(2). *See Alsager*, 406 F.Supp. at 19. In ruling on the parents' substantive due process claim, the Alsager court based its decision on the state's failure to offer sufficient evidence to show a child protection interest compelling enough to require termination. *Id.* at 23.

■ In the case before us the state met its burden of proving a compelling child protection interest. Appellant has been previously adjudicated to have neglected L.G. The court found that appellant had a permanent mental condition that rendered her unable to provide L.G. with the necessary care, custody and control. Certainly the state proved that likely harm to the child would occur in the future and that termination was in the child's best interests.

Insofar as appellant asserts that § 211.447.2(2) is deficient for failure to require proof beyond that which supported the neglect adjudication, we reject appellant's argument. Section 211.447.2(2)(c) requires the juvenile court to make a finding regarding "*a* severe act or recurrent acts of physical, emotional or sexual abuse toward the child...." § 211.447.2(2)(c), RSMo 1986 (emphasis added). Therefore, the statute provides for termination based upon a single act that could also be used as a basis for the prior abuse or neglect adjudication. If that act of abuse or neglect is severe, a further showing at the termi-

nation proceeding is not necessary. Thus the statute provides a basis for termination that does not require a further showing. Furthermore, the juvenile officer made a further showing of potential harm in this case. A showing of permanent mental condition rendering the parent unable to provide care, custody and control when considered in connection with a prior neglect adjudication supports a finding of potential harm to the child. Point denied.

■ In her sixth point, appellant asserts that the contributory negligence of the juvenile officer and others acting with him maintained her mental condition upon which termination was based. Appellant was admitted to Western Missouri Mental Health Center three times, each time leaving without permission and against medical advice. She argues that the DFS had a duty to reunite the family and that DFS or the juvenile officer should have requested Western Missouri to prevent her from leaving. Appellant asserts that the juvenile officer's inaction, resulting in a lack of treatment, contributed to the mental condition upon which termination was based.

Appellant seeks to impose a duty on the juvenile officer to supervise the treatment of a mentally deficient mother in cases in which termination is based in part on the mother's mental condition. Appellant cites no authority for this proposition other than referring to the statutory duty of the DFS to make a reasonable effort to return a separated child to the parent's home. *See* § 211.183.1, RSMo 1986. We decline to impose such a duty on the juvenile officer or the DFS.

The juvenile court found that appellant's prognosis for improvement is extremely poor due to the nature of the illness, her response to medication, her inability to recognize the existence of her illness, and her noncompliance with treatment. Appellant would have us require the juvenile officer to go beyond reasonable efforts and hold the juvenile officer accountable for the treatment of a mentally ill mother.

Appellant's argument loses sight of the foremost principle underlying a termination of parental right proceeding; the best in-

terests of the child. *In re M.E.W.*, 729 S.W.2d 194, 195 (Mo. banc 1987). At no point does appellant suggest that a greater effort on the part of the juvenile officer to assist in appellant's treatment would have resulted in circumstances that would have rendered termination of parental rights against the best interests of the child. Rather, the evidence conclusively illustrates and the juvenile court found that no amount of services could change the appellant's mental condition. This point is denied.

In her final point appellant asserts that the trial court erred in terminating the parental rights where no showing was made that appointing a guardian would not serve the child's best interest as well as termination. Appellant argues the juvenile court was under a duty to consider measures less drastic than termination, but the record indicates that no such consideration was given.

There is no evidence on the record to support the creation of a guardianship for L.G. In order to establish a guardianship the court must first find that termination is not in the child's best interests, then further find that the child would benefit from a continued child-parent relationship. § 211.477.4(3), RSMo 1986. The court found by clear and convincing evidence that termination was in the child's best interests. Further, no child-parent relationship exists that could be continued, for L.G. and appellant have had no contact since L.G. was two months old. Appellant fails to point to any evidence that guardianship would be in the child's best interests or that termination was not in the child's best interests. We will not require the juvenile court to consider guardianship where the evidence on the record does not support such action. Appellant's argument is without merit.

Having rejected each of appellant's arguments and finding the termination to be supported by clear and convincing evidence, the judgment and decree of the trial court is affirmed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

COVINGTON, J., not participating because not a member of the Court when the cause was submitted.