

# SUPREME COURT OF MISSOURI
## en banc

IN THE INTEREST OF: E.G. )
)
)
)     No. SC100136
)

*Opinion issued January 9, 2024*

## APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY
The Honorable Edward Page, Judge

B.G. ("Father") appeals the circuit court's judgment granting the juvenile office's petition to terminate Father's parental rights to E.G. ("Child"). Father raises three points on appeal. In Point I, Father argues the circuit court misapplied the law in terminating his parental rights on the ground that he had previously pleaded guilty to felony violations of chapter 566 when a child was a victim because such violation is not a statutory ground justifying the termination of parental rights under section 211.447.[1] In Point II, Father alternatively argues that, if pleading guilty to a felony violation of chapter 566 is a statutory ground justifying the termination of parental rights, this Court should declare that ground unconstitutional because such a crime does not adequately demonstrate a parent's unfitness as required for termination by the United States Constitution. Finally, Father's third point argues there was insufficient evidence he is an unfit parent.

---

[1] All references are to RSMo Supp. 2022 unless otherwise noted.

This Court declines to address Father's first two points, finding them unpreserved. Concluding there is sufficient evidence to terminate Father's parental rights, this Court denies Point III. The circuit court's judgment terminating Father's parental rights is affirmed.

## Facts and Procedural History

On September 29, 2022, the Juvenile Officer petitioned the circuit court to terminate the parental rights of both Father and K.N. ("Mother") to Child. The petition stated that Mother voluntarily consented to the termination of her parental rights, that Father pleaded guilty to two felony violations of chapter 566 when a child was a victim,[2] and that termination of parental rights was in Child's best interest.

Father responded to the petition, alleging only that termination of his parental rights was not in Child's best interest. Father specifically argued the juvenile victim(s) involved in his prior convictions were not Child, and his reasoning for pleading guilty was to prevent a worse outcome for him and prevent further trauma for the victim(s). Father further argued he "adores his daughter and regrets his criminal decisions," looks forward to bonding with Child after his release from prison, and has taken opportunities to seek parental programming "to become a better, more responsible father[.]"

---

[2] Specifically, Father pleaded guilty to the class C felony of third-degree child molestation involving a child younger than 14 years of age (section 566.069, RSMo 2016) and the class E felony of sexual misconduct involving a child younger than 16 years of age (section 566.083, RSMo 2016).

2

Prior to trial, Father moved to dismiss the action, alleging section 211.447.2(4) is unconstitutional.[3] The circuit court overruled Father's motion to dismiss at a hearing that took place immediately preceding the trial on March 22, 2023. After the trial, the circuit court ordered the parties to submit proposed judgments. Father submitted a proposed judgment on April 25, 2023, including his constitutional arguments as well as a proposed finding, not previously asserted, that section 211.447.2(4) is not a statutory ground for termination of parental rights but, rather, is merely a trigger requiring the *filing of a petition* to terminate parental rights.

The circuit court entered findings of fact and conclusions of law on May 20, 2023, terminating Father's parental rights. The circuit court found termination was justified under section 211.447.2(4) due to Father's two felony violations of chapter 566 with child victims, and that termination was in the best interest of the child. Father now appeals the circuit court's judgment.

## Jurisdiction and Standard of Review

This Court has exclusive appellate jurisdiction over cases involving the validity of "a statute or provision of the constitution of this state." Mo. Const. art. V, sec. 3. This action involves a question as to the validity of a Missouri statute; therefore, this Court has exclusive appellate jurisdiction. *Id.*

---

[3] Father argued section 211.447.2(4) "is unconstitutionally broad" and creates "a presumption that anyone convicted of certain offenses, in and of itself, is unfit to be a parent." Father, therefore, argued the statute is unconstitutional in its failure to require a movant prove unfitness in addition to the existence of a statutory ground for termination.

In reviewing a circuit court's ruling on a judgment terminating parental rights, this Court "will affirm the judgment unless there is no substantial evidence to support it, it is contrary to the evidence, or it erroneously declares or applies the law." *In re K.A.W.*, 133 S.W.3d 1, 11 (Mo. banc 2004). "In reviewing termination of parental rights cases, like all types of bench-tried cases, this Court is mindful that circuit courts are better positioned to determine witness credibility and weigh evidence in the context of the whole record than an appellate court." *In re J.P.B.*, 509 S.W.3d 84, 89-90 (Mo. banc 2017) (internal quotation omitted).

When a party raises the issue of the existence of a statutory ground for terminating parental rights, this Court must determine "whether clear, cogent, and convincing evidence was presented to support a statutory ground for terminating parental rights." *Id.* at 90 (internal quotation omitted).

This Court reviews the interpretation of a statute *de novo*. *K.A.W.*, 133 S.W.3d at 12. Because of the fundamental liberty interest natural parents have in raising their children, "[s]tatutes that provide for the termination of parental rights are strictly construed in favor of the parent and preservation of the natural parent-child relationship." *Id.*

This Court reviews constitutional challenges to a statute *de novo*. *State v. Meacham*, 470 S.W.3d 744, 745-46 (Mo. banc 2015). "Statutes are presumed valid and will be construed in favor of constitutional validity." *Id.* at 746. This Court will invalidate a statute only after finding the statute "clearly and undoubtedly violates a constitutional provision." *Id.*

4

**Analysis**

Father fails to preserve his first two arguments for appeal. "Generally, this Court does not review unpreserved claims of error." *Petersen v. State*, 658 S.W.3d 512, 516 (Mo. banc 2022) (internal quotation marks omitted). This Court, therefore, declines to address the merits of Father's first two points.[4]

*Point I: Whether Section 211.447.2(4) Is a Statutory Ground for Termination*

Rule 78.07(b) states: "[I]n cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*." (Emphasis added).

In Point I, Father alleges the circuit court erred in terminating his rights because section 211.447.2(4) is not a ground for the termination of parental rights. The circuit court never had the opportunity, however, to consider Father's argument. Father moved to

---

[4] The concurring opinion provides a persuasive analysis of the merits of each point. This opinion, however, cannot reach Father's unpreserved arguments. Arguments must be raised below and preserved for appellate review not only for the sake of opposing parties having a fair opportunity to combat those arguments at the trial level, where evidence may be submitted and arguments may be fully fleshed out for analysis and later review, but also because a circuit court cannot be found to have erred in denying claims that were never presented to it. *Brizendine v. Conrad*, 71 S.W.3d 587, 593 (Mo. banc 2002); *see also Hicks v. State*, 605 S.W.3d 95, 100 (Mo. App. 2020) (stating the purpose of preservation is so issues are brought to the circuit court "where they can be easily corrected, alleviating needless appeals, reversals, and rehearings[,]" if necessary). Although this Court may review unpreserved claims of error for plain error, plain error review is discretionary. Rule 84.13(c). For this Court to find plain error, the error must be "evident, obvious and clear" and must result "in manifest injustice or miscarriage of justice." *Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 412 (Mo. banc 2019) (internal quotation marks omitted). This Court's review of the facts and circumstances in this case fails to reveal any circuit court error that was evident, obvious or clear. *See Petersen*, 658 S.W.3d at 517.

5

dismiss the petition solely based on the argument that section 211.447.2(4) is unconstitutional. Father further failed to raise the argument that section 211.447.2(4) is not a ground for termination in any other pretrial motion or at trial. On appeal, Father argues the circuit court had an opportunity to consider this statutory argument because such argument was contained within the proposed judgment he submitted to the circuit court on April 25, 2023. Raising an issue for the first time in a proposed judgment, submitted *after* trial, however, fails to give the circuit court an opportunity to rule on that issue *at* trial.

For the court to have an opportunity to consider an argument, "a party must make a timely objection or request, which is one made when the occasion for the ruling desired first appears." *Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (internal quotation marks omitted). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the [circuit] court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." *Id.* (internal quotation marks omitted). Father could have raised his claim that section 211.447.2(4) is not a statutory ground for termination of parental rights in his answer to the petition, a motion to dismiss the petition, or at trial. Instead, Father never provided the circuit court the opportunity to consider this issue. The circuit court cannot have erred in denying a claim that was never presented to it, and this Court "will not convict the [circuit] court of error on an issue which was never before it to decide." *Brizendine v. Conrad*, 71 S.W.3d 587, 593 (Mo. banc 2002) (internal quotation marks

6

omitted). Father's first point on appeal has preserved nothing for this Court's review and, therefore, is denied.

*Point II: Validity of Section 211.447.2(4) as a Ground for Termination*

In this point, Father argues section 211.447.2(4) should be declared unconstitutional because his convictions do not have an "adequate logical nexus" to parental unfitness and, therefore, termination violates his due process rights. To preserve a constitutional claim, a party must:

> (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*Mayes*, 430 S.W.3d at 266 (internal quotation marks omitted).

Although Father cited section 211.447.2(4)'s constitutional invalidity as a ground for his motion to dismiss, Father failed to "designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself." Father's amended motion to dismiss generally argued section 211.447.2(4) is "unconstitutionally broad" and "is unconstitutional in that it does not require the movant to prove actual unfitness of the parent." On appeal, however, Father specifically argues section 211.447.2(4) violates due process rights.[5]

_____

[5] Father's argument of constitutional overbreadth would require a First Amendment analysis, *see, e.g.*, *State v. Collins*, 648 S.W.3d 711, 715-718 (Mo. banc 2022). This would require a court to determine whether a statute makes a substantial amount of protected conduct

Moreover, at oral argument, Father claimed a parent's fundamental constitutional right to parent their child is not contained within a specific provision of the constitution to which Father could have cited, so, citing generally the right to parent a child preserves that constitutional argument. Whether a parent has a fundamental right to parent their child, however, is not at issue in this case. It is undisputed that parents have a fundamental, constitutional right to parent their children, but this right is not absolute. Alternatively, Father argued the nature of the action could have alerted the circuit court to the specific constitutional issues because termination of parental rights cases fall under the protections of the Fourteenth Amendment. This is unpersuasive. Father's motion to dismiss vaguely alluded to constitutional issues that could have arisen under various constitutional provisions, such as the First, Ninth, and Fourteenth amendments. Father's constitutional arguments are not preserved; therefore, this point is denied.

*Point III: Sufficiency of the Evidence*

Section 211.447 governs the termination of parental rights in Missouri. *K.A.W.*, 133 S.W.3d at 9. Termination of parental rights requires a two-prong analysis. *Id*. First, a court must find the existence of at least one ground for termination of parental rights. *Id*.

---

unlawful. *State v. Pribble*, 285 S.W.3d 310, 316 (Mo. banc 2009). In contrast, due process protections arise under the Fourteenth Amendment of the United States Constitution and in article I, section 10 of the Missouri Constitution and require a court determine "whether a plaintiff has been deprived of a constitutionally protected liberty or property interest" and, if so, "whether the procedures attendant upon the deprivation of that interest were constitutionally sufficient." *Jamison v. State Dep't of Soc. Servs., Div. of Family Servs.*, 218 S.W.3d 399, 405 (Mo. banc 2007). These are two different arguments that would require differing analyses as well as different supporting evidence.

The grounds for termination are contained within section 211.447. *Id.* Second, the court must find that termination is in the child's best interest.[6] *Id.*

Father takes issue with this analysis in his second point on appeal, arguing that, under the constitution, there must be an individualized finding that the parent is unfit, separate from and in addition to finding the existence of a termination ground and the child's best interest. Father claims, assuming his constitutional argument is correct in Point II, there was insufficient evidence to terminate his parental rights because the circuit court did not make an individualized finding as to his unfitness.

Father's third point repackages his constitutional argument from Point II into a sufficiency of the evidence claim. Because Father failed to preserve his constitutional argument, this Court will review Point III only to determine the sufficiency of the evidence under the statute as written rather than to determine the sufficiency of the evidence under Father's unpreserved constitutional interpretation. *See, e.g.*, *Beery v. Beery*, 840 S.W.2d 244, 245-46 (Mo. App. 1992) (declining to address a constitutional argument in a point on appeal alleging both a constitutional and a sufficiency of the evidence claim and subsequently finding the evidence sufficient to support the lower court's judgment); *see also State v. Gaines*, 316 S.W.3d 440, 454 (Mo. App. 2010) (recognizing an appellant's attempt to raise an unpreserved argument framed as a sufficiency of the evidence argument and refusing to consider the unpreserved argument, instead reviewing only the sufficiency of the evidence under the statute).

---

[6] Father does not object to the sufficiency of the evidence regarding Child's best interest.

This Court reviews Father's sufficiency of the evidence claim because, "[w]hile the better practice is to preserve specific claims of error for review, arguments concerning sufficiency of the evidence, even those not preserved for appeal, are reviewed on the merits, not for plain error." *State v. Zetina-Torres*, 482 S.W.3d 801, 808-09 (Mo. banc 2016). In determining whether sufficient evidence was presented in support of a termination of parental rights, this Court must view the evidence in the light most favorable to the judgment. *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 626 (Mo. banc 2014). For purposes of this opinion only, the Court assumes, without deciding, that section 211.447.2(4) establishes a ground supporting termination of parental rights.[7]

Section 211.447.2(4) provides: "The parent has been found guilty of or pled guilty to a felony violation of chapter 566, 567, 568, or 573 when the child or any child was a victim." The Juvenile Officer submitted a certified copy of Father's underlying criminal case wherein Father pleaded guilty to two felony violations of chapter 566 when a different child was a victim in each count.[8] The uncontested evidence of Father's guilty plea to two violations of chapter 566 with two child victims fits squarely within this ground. Father did not object to this evidence at trial and does not contest its validity on appeal.

Sufficient evidence of a ground for termination listed in section 211.447 satisfies the first prong of the termination analysis. *In re M.D.R.*, 124 S.W.3d 469, 476 (Mo. banc

---

[7] This is because Father failed to preserve this argument in his first point on appeal. Therefore, the Court assumes the commission of sexual offenses against children identifies conduct by Father that both constitutes a filing trigger *and* demonstrates parental unfitness so as to constitute a ground for termination.

[8] A certified copy of the conviction is sufficient evidence of the conviction. *See State v. Goff*, 449 S.W.2d 591, 593-94 (Mo. 1970); *State v. Tyler*, 159 S.W.2d 777, 780 (Mo. 1942).

2004). The circuit court's finding of a ground for termination, however, does not immediately terminate a parent's rights. *Id.* Instead, the circuit court must then consider the best interest of the child. *Id.* Here, the circuit court conducted a separate and full analysis regarding Child's best interest that supported the termination of Father's parental rights and is not contested on appeal.[9]

Finding there was sufficient evidence before the circuit court to terminate Father's parental rights, this point is denied.

## Conclusion

The circuit court's judgment terminating Father's parental rights is affirmed.

_____
KELLY C. BRONIEC, JUDGE

Russell, C.J., Fischer, Ransom,
Wilson and Gooch, JJ., concur;
Powell, J., concurs in separate
opinion filed; Ransom, J., concurs
in separate opinion of Powell, J.

---

[9] At that hearing, the circuit court heard evidence that Father and Child had no emotional ties, Father failed to maintain regular visitation or other contact with Child, Father was able but did not provide necessary care or support for Child, Father showed an "overall disinterest or lack of commitment" regarding Child, additional services would likely not bring about lasting parental adjustment, and Child is very bonded to the prospective adoptive parents.

11



# SUPREME COURT OF MISSOURI
## en banc

)
)
IN THE INTEREST OF:  E.G.          )
)
)                    No. SC100136
)
)

## CONCURRING OPINION

I agree with the principal opinion that B.G. ("Father") failed to preserve the first two points raised in his appeal of the circuit court's judgment terminating his parental rights and that there is sufficient evidence to terminate Father's parental rights.  I write separately to articulate that, even if Father had properly preserved his first two claims, the circuit court's judgment would still be affirmed.  Father's prior convictions for child molestation and sexual misconduct constitute statutory grounds for termination of his parental rights pursuant to section 211.447.2(4).[1]  Moreover, section 211.447.2(4) is constitutional, both facially and as applied to the facts of this case.

---

[1] All statutory references to section 211.447 are to RSMo Supp. 2022 unless otherwise indicated.  All other statutory references are to RSMo 2016 unless otherwise indicated.

**Father's prior convictions constitute statutory grounds for termination of his parental rights**

Father argues his prior criminal convictions do not provide statutory grounds for termination of his parental rights. To terminate parental rights, "[t]he state must prove 'by clear, cogent, and convincing evidence' that statutory grounds for termination exist." *In re M.D.R.*, 124 S.W.3d 469, 476 (Mo. banc 2004); *see* section 211.447.6. "If grounds for termination exist, the state must then determine whether termination is in the best interests of the child." *M.D.R.*, 124 S.W.3d at 476. "The satisfaction of one statutory ground for termination is sufficient to terminate parental rights, if the termination is in the child's best interest." *Id.* Here, the circuit court found Father's prior convictions for child molestation and sexual misconduct involving a child, without additional evidence or grounds, established the statutory basis for termination pursuant to section 211.447.2(4) and that termination of Father's parental rights is in the best interest of the minor child. Father does not contest the court's finding regarding the best interest of the minor child but argues section 211.447.2(4) does not provide statutory grounds for termination.

Subsection 2 of section 211.447 provides for various circumstances in which "a petition to terminate the parental rights of the child's parent or parents shall be filed by the juvenile officer or the division[.]" One of the circumstances requiring the filing of a petition to terminate parental rights ("TPR") occurs when "[t]he parent has been found guilty of or pled guilty to a felony violation of chapter 566, 567, 568, or 573 when the child or any child was a victim[.]" Section 211.447.2(4). The circuit court in this case found Father previously pleaded guilty to third-degree child molestation involving a child

younger than 14 years of age, a class C felony under section 566.069, and to sexual misconduct involving a child younger than 15 years of age, a class E felony under section 566.083. Father's prior convictions, therefore, involve offenses that fall within the crimes identified in section 211.447.2(4) and required the juvenile officer or division to file a TPR.

Father argues section 211.447.2(4) may "trigger" a requirement to file a TPR but does not provide the grounds for termination of parental rights. Father cites to prior caselaw in which this Court held subdivision (1) of section 211.447.2, which provides that a TPR must be filed if the child is in foster care for 15 of the most recent 22 months, did not provide a statutory ground for termination but merely a "trigger" allowing a TPR to be filed. *M.D.R.*, 124 S.W.3d at 475-76. The Court's basis for so holding was that a child's foster care placement "does not demonstrate parental unfitness." *Id.* at 475. But the Court also held that, unlike subdivision (1), other subdivisions in section 211.447.2 *do* demonstrate parental unfitness and, therefore, *do* provide statutory grounds for termination of parental rights.[2] *Id.* This conclusion is plain from other subsections in section 211.447 referring to "grounds" for termination set forth in the subdivisions of section 211.447.2. *See* section 211.447.4; *see also* section 211.447.7.

Indeed, the Court expressly identified that subdivision (3) of section 211.447.2, which provides that a TPR must be filed upon determination by a court that a parent has

---

[2] For the reasons discussed, the Court's holding in *M.D.R.* was clearly limited to subdivision (1) of section 211.447.2. Following *M.D.R.*, the constitutional validity of section 211.447.2(1) was challenged in *In re P.L.O.*, 131 S.W.3d 782 (Mo. banc 2004). In *P.L.O.*, referencing *M.D.R.*, the Court reiterated, "As this Court recently held in [*M.D.R.*], … no constitutional issue exists because **this section** is not a ground, but merely a trigger for the filing of the termination petition." 131 S.W.3d at 787 (emphasis added).

3

committed certain criminal acts involving murder or physical abuse of a child, does identify conduct of the parent demonstrating parental unfitness and, therefore, constituting statutory grounds for termination of parental rights. *M.D.R.*, 124 S.W.3d at 475. This finding in *M.D.R.* applies here. Subdivision (4) of section 211.447.2 provides a TPR must be filed when a parent has committed certain criminal acts involving sexual abuse of a child.[3] These acts, like the criminal acts involving murder or physical abuse of a child set forth in section 211.447.2(3), "demonstrate parental unfitness[,]" *c.f. id.* at 475, and, therefore, also constitute statutory grounds for termination of parental rights pursuant to section 211.447.2.

Citing *In re K.A.W.*, 133 S.W.3d 1, 10 (Mo. banc 2004), Father contends the circuit court failed to "explicitly consider[] … whether the past acts provide an indication of the likelihood of future harm." At issue in *K.A.W.* was a challenge to the termination of a

---

[3] Section 211.447.2, RSMo 2000, under which *M.D.R.* was decided, did not contain subdivision (4), and the precursor to section 211.447.2(4) was contained in section 211.447.4(4), RSMo 2000. The Court in *M.D.R.*, 124 S.W.3d at 475, indicated the subdivisions in section 211.447.4, RSMo 2000, also identified conduct by the parent that demonstrates unfitness. Section 211.447.2(4) is broader in defining statutory grounds for unfitness than its precursor. Section 211.447.4, RSMo 2000, provided grounds for termination if the parent had been convicted of "a felony violation of chapter 566, when the child or any child in the family was a victim, or a violation of section 568.020, when the child or any child in the family was a victim." "Child" was defined as "any person who was under eighteen years of age at the time of the crime and who resided with such parent or was related within the third degree of consanguinity or affinity to such parent[.]" Section 211.447.4(4), RSMo 2000. By comparison, section 211.447.2(4) provides grounds for termination when the parent has been convicted of "a felony violation of chapter 566, 567, 568, or 573 when the child *or any child* was a victim." (Emphasis added). "Child" is defined as "any person who was under eighteen years of age at the time of the offense." Section 211.447.2(4).

4

mother's parental rights based on her previous attempts to place her twin children up for adoption. *Id.* at 5-7. Eventually, the mother decided to raise the children herself. *Id.* at 7. The Court justifiably held the mother's "two attempts at placing her twins for adoption are not an indication of potential future harm to the twins[.]" *Id.* at 13. Here, by contrast, the circuit court found Father was convicted for sexually abusing minor children, which itself is evidence he poses a danger to children. *C.f. re L.G. v. Lawton*, 764 S.W.2d 89, 95 (Mo. banc 1989) (holding section 211.447.2(2)(c), RSMo 1986, provided "for termination based upon a single act [of abuse or neglect]");[4] *D.G.N. v. S.M.*, 691 S.W.2d 909, 911-12 (Mo. banc 1985) (holding section 211.447.2 (2)(e), RSMo Supp. 1982, provided for termination based on an individual's past abuse of a child's sibling as past abuse evidences danger to children).

Because Father's convictions provide statutory grounds for termination of his parental rights, his first claim lacks merit.

---

[4] Father's acts of sexual abuse are comparable to the acts of abuse discussed in *L.G.*, 764 S.W.2d 89. In that case, the Court examined whether a parent's prior adjudication of neglect, alone, could serve as a basis for termination of parental rights. The Court found it did, citing section 211.447.2, RSMo 1986. *Id* at 95. Subdivision (2) of section 211.447.2, RSMo 1986, required the court, in determining whether to terminate parental rights under the subdivision, to consider and make findings regarding "*a* severe act or recurrent acts of physical, emotional or sexual abuse towards the child[.]" *Id.* (emphasis added). Based on the statutory language, the Court held "the statute provides for termination based upon a single act that could also be used as a basis for the prior abuse or neglect adjudication." *Id.* "If that act of abuse or neglect is severe, a further showing at the termination proceeding is not necessary." *Id.* "Thus the statute provides a basis for termination that does not require a further showing." *Id.* Similar to the provisions discussed in *L.G.*, section 211.447.2(4) provides for termination based upon a single act of abuse of a child. *C.f. id.*

**Section 211.447 is constitutional both facially and as applied to terminate Father's parental rights**

Father also argues section 211.447 is unconstitutional facially and as applied to his case. A parent has a fundamental right to the care, custody, and control of his or her children. *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000); *Weigand v. Edwards*, 296 S.W.3d 453, 457-58 (Mo. banc 2009). Termination of this right, absent a showing of unfitness, violates the due process guaranteed by the federal and state constitutions. *M.D.R.*, 124 S.W.3d at 476 ("There is little doubt that the Due Process Clause would be offended if a State were to attempt the breakup of a natural family, over the objections of the parents without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interests." (alterations omitted) (quoting *Santosky v. Kramer*, 455 U.S. 745, 760 n.10 (1982))); *Stanley v. Illinois*, 405 U.S. 645, 650-58 (1972) (holding a statute unconstitutional that allowed for termination of parental rights without requiring proof of unfitness in fact).

Father has pleaded guilty to two felony offenses involving sexual abuse of minor children. These prior convictions demonstrate the requisite level of unfitness necessary to terminate his parent rights because they demonstrate Father is a danger to children. Considering Father's unfitness based on the danger he poses to minor children, applying section 211.447.2(4) to terminate Father's parental rights, based solely on his prior convictions for sexual abuse of minor children, does not violate due process as applied to the facts of this case.

6

Because Father's as-applied challenge lacks merit, his facial challenge to the constitutional validity of section 211.447 also fails. "Generally, to prevail in a facial challenge, the party challenging the statute must demonstrate that no set of circumstances exists under which the statute may be constitutionally applied." *State v. Johnson*, 524 S.W.3d 505, 511 (Mo. banc 2017) (internal quotation omitted). "Thus, the general rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." *Id.* (internal quotation omitted).

Section 211.447.2(4) provides grounds for terminating the parental rights of a parent convicted of a felony violation of chapters 566, 567, 568, or 573 when the child or any child was a victim. Father's facial challenge to section 211.447.2(4) argues that not every felony offense under chapters 566, 567, 568, or 573 has some correlation to being an unfit parent. Father suggests, for example, section 211.447.2(4) allows for termination of parental rights of a parent convicted of not paying child support under section 568.040 even if the conviction related to a different child and the parent is fully caught up on the arrearage. But whether section 211.447.2(4) would be unconstitutionally applied "under those circumstances" or other circumstances is immaterial if the statute may be constitutionally applied in this case. *Johnson*, 524 S.W.3d at 513. Father's due process rights are not violated by applying section 211.447.2(4) in terminating his parental rights as his prior convictions for sexual abuse of minors establish he is unfit as a parent and provide sufficient justification for terminating his parental rights. Because there is a basis

for the statute to be applied without violating the constitution, Father's facial challenge to section 211.447.4(4) also lacks merit.[5]

**Conclusion**

As the principal opinion properly determined, Father failed to preserve his claims for appellate review. But even if Father had properly preserved his claims, his challenge to the termination of his parental rights would not succeed. For these reasons, I concur in affirming the circuit court's judgment.

_____
W. Brent Powell, Judge

---

[5] Even if Father could successfully establish section 211.447.2(4) is unconstitutional, he would be unable to enjoy and exercise custody over the minor child. As noted, Father was convicted of felony child molestation pursuant to section 566.069 and felony sexual misconduct involving a child pursuant to section 566.083. Sections 210.117 and 211.038 prohibit the circuit court from reuniting a child taken into the custody of the state with a parent who has been convicted of certain sexual abuse crimes involving a child victim, including a felony violation of sections 566.069 or 566.083. *See W.B. v. L.B.*, 162 S.W.3d 517, 522 (Mo. App. 2005).