103 S.W.3d 774 (2003)
In the Interest of E.L.B., a Minor.
No. SC 84903.
Supreme Court of Missouri, En Banc.
April 22, 2003.
Rehearing Denied May 27, 2003.
Laura E. Sidel, Clayton, for appellant.
*775 Cynthia L. Harcourt, Robin R. Murray, St. Louis, for respondent.
WILLIAM RAY PRICE, JR., Judge

I.
E.L.B. is a minor child. In December 2001, his mother's parental rights in him were terminated pursuant to section 211.447, RSMO 2000.[1] E.L.B.'s mother ("Mother") appeals.[2] Mother alleges that the evidence was insufficient to support the court's findings with respect to sections 211.447.4(1), (2), (3) and (6), and that section 211.447.2(1) violates the guarantees of substantive due process by creating a presumption of unfitness. Because the validity of a Missouri statute is in question, the Court of Appeals, Eastern District, transferred the case prior to opinion. Mo. Const. Article V, Section 3. The circuit court had before it sufficient evidence to terminate Mother's parental rights. The judgment is affirmed.

II.
E.L.B. was born in April 1999. He first came into the custody of the Missouri Division of Family Services ("DFS") in October of the same year, when Mother was arrested on an outstanding warrant after proceedings for involuntary termination of her parental rights in another child. The court entered a protective custody order, placing E.L.B. in the custody of DFS. Shortly thereafter, E.L.B. was placed in the home of his maternal aunt.
While in his aunt's care, E.L.B. had little contact with his mother. In fact, between October 1999 and December 2001, E.L.B. spent only eighteen hours with Mother, all in the course of four or five visits and one hearing. Mother missed scheduled visits, failed to apprise DFS of changes of residence, and failed to comply with her service plan. Although Mother maintained some level of employment from February to October of 2000, she did not contribute financially towards E.L.B.'s care. Mother attributes her lack of support to her addiction to crack cocaine.
In October 2000, Mother entered a drug rehabilitation center. Mother avers that she has been "clean and sober" since enrolling in drug rehabilitation program. Mother has obtained housing and informally regained custody of two of her other children. In January or February 2001, Mother initiated and has since maintained regular contact with E.L.B. Because E.L.B. and his aunt moved to Minnesota in December 2000, the contact consisted of cards, letters, and weekly telephone calls. Mother never requested that DFS aid her in visiting E.L.B. after he was relocated to Minnesota, apparently unaware that DFS could provide such assistance.
In April 2001, days before E.L.B.'s second birthday, the juvenile officer filed a petition seeking termination of Mother's parental rights. The petition[3] alleged that termination of parental rights was warranted for numerous reasons outlined in section 211.447, one of which was that Mother had abandoned E.L.B. for a period longer than six months immediately prior to the filing of the petition. The petition alleged abandonment on the grounds that Mother had left E.L.B. without any provision for parental support and without making any arrangements to visit or communicate *776 with him during the six month period, although able to do so.
After the petition was filed, Mother began sending E.L.B. clothing. Although Mother sent clothing on five separate occasions, she never contributed money for his care and maintenance and never contributed clothing on a regular basis.

III.
After conducting a hearing, the court found "by clear, cogent and convincing evidence" that several grounds existed for the termination of Mother's parental rights, one of which was abandonment as described in section 211.447.4(1)(b):
[Mother] has, without good cause, left said child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so, for a period of six months or longer immediately prior to the filing of the Juvenile Officer's Petition to Terminate Parental Rights on April 19, 2001. Any efforts that the respondent-mother has made to visit or communicate with the minor child were token.
The court also made findings of the existence of other grounds for termination pursuant to sections 211.447.4(2), (3), (6), and 211.447.2(1).
Pursuant to 211.447.6, the court found that E.L.B. has no emotional ties to Mother; that Mother failed to maintain regular visits or other contacts with E.L.B.; that Mother, although financially able, failed to contribute to the costs of caring for E.L.B.; that additional services would not be likely to bring about a lasting adjustment by Mother enabling E.L.B. to return to her within an ascertainable period of time; and that Mother is disinterested in or lacks commitment to E.L.B. The court concluded that "it is in the best interests and welfare of the child that the parental rights of the respondent-mother ... be terminated." An order terminating Mother's parental rights in E.L.B. was entered.
Mother appeals the decision of the court. Mother alleges in points B. through E. that "there was insufficient clear, cogent and convincing evidence to support the findings made pursuant to" section 211.447.4, subdivisions (1), (2), (3) and (6), and alleges in point F. that section 211.447.2(1) "violates the substantive due process guarantees of the federal constitution... and is therefore invalid and void."[4]

IV.
Satisfaction of one statutory ground for termination is sufficient to terminate parental rights if termination is in the child's best interest. In re A.S., 38 S.W.3d 478, 482 (Mo.App.2001); In re C.W., 64 S.W.3d 321, 324 (Mo.App.2001). Because sufficient evidence supports the decision to terminate pursuant the ground described in section 211.447.4(1)(b), this Court declines to address Mother's other allegations of error.
Termination of parental rights is authorized by section 211.447 "if the court finds that the termination is in the best interest of the child and when it appears by clear, cogent and convincing evidence that grounds exist for termination pursuant to subsection 2, 3 or 4 of this section." Section 211.447.5
Subsection 4 provides:
4. The juvenile officer or the division may file a petition to terminate the parental rights of the child's parent when it appears that one or more of the following grounds for termination exist:

*777 (1) The child has been abandoned. For purposes of this subdivision a "child" means any child over one year of age at the time of filing of the petition. The court shall find that the child has been abandoned if, for a period of six months or longer:
(a) The parent has left the child under such circumstances that the identity of the child was unknown and could not be ascertained, despite diligent searching, and the parent has not come forward to claim the child; or
(b) The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so.
Section 211.447.4. The court found E.L.B. was abandoned as described in section 211.447.4(1)(b). Testimony at the hearing supports this conclusion.
A supervisor at DFS testified at the dispositional hearing that E.L.B. had spent only eighteen hours with Mother during the two years he spent in foster care.[5] Mother did not keep her appointments for scheduled visits with E.L.B. while he resided in the state, and she never requested visitation with E.L.B. after his aunt moved him to Minnesota. Mother switched residences without notifying DFS of her moves and failed to comply with the service plan to reunite her with E.L.B. Mother testified that although she was employed while E.L.B. was in foster care, she did not provide financial assistance to his caregiver.
This evidence is sufficient to support the finding that Mother left E.L.B. without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do, for a period longer than six months. By finding that "[a]ny efforts that the respondent-mother has made to visit or communicate with the minor child were token", the court obviously considered Mother's recent attempts to establish a relationship with E.L.B. and found them unpersuasive. See section 211.447.7 ("The court may attach little or no weight to infrequent visitations, communications, or contributions."). Substantial evidence supports the court's conclusion that grounds for termination exist pursuant to section 211.447.4(1)(b).
Mother does not contest the requisite findings made pursuant to section 211.447.6.[6] Neither does Mother contest that termination is in the best interests of E.L.B. Clear, cogent and convincing evidence supports termination pursuant to section 211.447.4(1)(b).

V.
The judgment is affirmed.
All concur.
NOTES
[1] All statute references are to RSMo 2000.
[2] E.L.B.'s father is either deceased or unknown; thus, termination of Father's parental rights is not before this Court.
[3] The petition refers to the petition as later amended.
[4] Point A. is a recitation of the standard of review and standard of proof.
[5] Much of this time was attributable to one extended visit. The DFS supervisor stated at one point that Mother had kept four scheduled visits with E.L.B. and saw him an additional time at a hearing.
[6] "When considering whether to terminate the parent-child relationship pursuant to subsection 2 or 3 of this section or subdivision (1), (2), (3) or (4) of subsection 4 of this section, the court shall evaluate and make findings on the following factors, when appropriate and applicable to the case...." Section 211.447.6.