## In the Interest of M.D.R.

### No. ED 84146.

Missouri Court of Appeals, Eastern District, Northern Division.

June 15, 2004.

Edward M. Berg, Columbia, MO, for appellant.

Carla Wood Tanzey, Mexico, MO, for respondent.

Helen G. Fenlon, Mexico, MO, for Juvenile.

Before GLENN A. NORTON, P.J., CLIFFORD H. AHRENS, J., and GEORGE W. DRAPER III, J.

## ORDER

PER CURIAM.

This case comes to this Court upon retransfer by the Missouri Supreme Court after resolving a constitutional challenge to Section 211.447.2(1) RSMo (2000)[1] raised by Lisa Williams (hereinafter, "Mother"). *See In the Interest of M.D.R.,* 124 S.W.3d 469 (Mo. banc 2004). Mother appeals from the trial court's judgment terminating her parental rights to M.D.R., her minor child, (hereinafter, "Child") pursuant to Section

---

**1.** All statutory references are to RSMo (2000) unless otherwise indicated.

211.447 RSMo (2000).[2] Mother raises four issues on appeal that have not been adjudicated previously. First, Mother argues the trial court erred in finding Mother abandoned Child in that she did not voluntarily or intentionally abandon him. Second, Mother argues the trial court erred in finding there was a prior adjudication of neglect because this finding was not supported by substantial evidence in the record. Third, Mother makes general attacks against the trial court's judgment terminating her parental rights in that she claims the judgment is not supported by substantial evidence in the record. Finally, Mother argues the trial court erred in relying on the fact that Mother's parental right to other children had been terminated in that she claims these judgments contain reversible error and she failed to receive adequate reunification services.

We have reviewed the briefs of the parties, the legal file, and the transcripts and find the trial court's judgment terminating Mother's parental rights was supported by substantial evidence on the record, and that one or more of the statutory grounds set forth in Section 211.447 was supported by clear, cogent, and convincing evidence. *In the Interest of C.N.W.*, 26 S.W.3d 386, 393 (Mo.App. E.D.2000). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion only for the use of the parties setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b).

---

**2.** Marlin Mathew Robinson, M.D.R.'s putative father, and M.D.R.'s unknown biological father had their parental rights terminated at the same hearing as Mother. The trial court included several findings regarding these men, but neither man is a party to this appeal.