**In The Interest of: M.N.,**

**L.N. (Mother), Appellant,**

v.

**Juvenile Officer, Missouri Childrens Division, Respondents.**

No. WD 69915.

Missouri Court of Appeals, Western District.

March 3, 2009.

Harry Mark Wooldridge, Boonville, MO, for appellant.

Larry E. Tate, Boonville, MO, for respondent.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, C.J., and HAROLD L. LOWENSTEIN, J.

ALOK AHUJA, Judge.

L.N. (Mother) appeals the circuit court's judgment terminating her parental rights over her infant son M.N. The circuit court found that grounds for termination of L.N.'s parental rights existed under §§ 211.447.5(2)(c), (2)(d), and (6).[1] Because we have determined that clear, co-

---

1. Unless otherwise stated, all statutory refer-

ences are to RSMo Cum. Supp. 2008.

gent, and convincing evidence supports the court's finding that termination was justified on the basis of L.N.'s neglect of M.N. under § 211.47.5(2)(d), we affirm without addressing the circuit court's alternative reliance on §§ 211.447.5(2)(c) and (6). *See, e.g., In the Interest of B.J.K.,* 197 S.W.3d 237, 246 (Mo.App. W.D.2006) (" 'existence of even one statutory ground for termination is sufficient if termination is in the children's best interests' " (citation omitted)).

With one exception, we have determined that a published opinion addressing L.N.'s arguments on appeal would have no precedential value. We have accordingly provided the parties with an unpublished memorandum setting forth the reasons for our affirmance. *See* Rule 84.16(b).

One issue does deserve discussion in a published opinion, however. In her second Point Relied On, L.N. argues that, pursuant to § 211.447.2(1), the circuit court could not find a basis for termination of her parental rights for neglect under § 211.447.5(2)(d), without first finding that M.N. had been in foster care for fifteen of the most recent twenty-two months.

Section 211.447.2(1) provides as follows:

2. Except as provided for in subsection 4 of this section, a petition to terminate the parental rights of the child's parent or parents *shall* be filed by the juvenile officer or the division, or if such a petition has been filed by another party, the juvenile officer or the division *shall* seek to be joined as a party to the petition, when:

(1) Information available to the juvenile officer or the division establishes that the child has been in foster care for at least fifteen of the most recent twenty-two months; . . . .

(Emphasis added.)

By contrast, § 211.447.5, under which the circuit court acted here, provides in pertinent part:

The juvenile officer or the division *may* file a petition to terminate the parental rights of the child's parent when it appears that one or more of the following grounds for termination exist:

    . . . .

(2) The child has been abused or neglected. In determining whether to terminate parental rights pursuant to this subdivision, the court shall consider and make findings on the following conditions or acts of the parent:

(a) A mental condition which is shown by competent evidence either to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control;

(b) Chemical dependency which prevents the parent from consistently providing the necessary care, custody and control of the child and which cannot be treated so as to enable the parent to consistently provide such care, custody and control;

(c) A severe act or recurrent acts of physical, emotional or sexual abuse toward the child or any child in the family by the parent, including an act of incest, or by another under circumstances that indicate that the parent knew or should have known that such acts were being committed toward the child or any child in the family; or

(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development[.]

(Emphasis added.)

Section 211.447.2(1) creates a temporal trigger specifying when a juvenile officer

"*shall*" file a termination petition, or seek to join in a termination petition filed by others. In contrast, § 211.447.5 enumerates circumstances in which a juvenile officer "*may*," in her discretion, file a termination petition if the parent engages in certain conduct. In this case, the Cooper County Juvenile Office filed its termination petition under § 211.447.5, not § 211.447.2(1).

We recognize that our recent decision in *In the Interests of K.M.*, 249 S.W.3d 265 (Mo.App. W.D.2008), states that compliance with the timing condition of § 211.447.2(1) is a prerequisite for termination under what is now § 211.447.5(2)(d). *See* 249 S.W.3d at 272.[2] But that observation in *K.M.* was gratuitous and unnecessary to the decision; it was also erroneous.

*In the Interest of M.D.R.*, 124 S.W.3d 469 (Mo. banc 2004), explains that the fifteen-month trigger for the mandatory filing of a termination petition in § 211.447.2(1) was enacted to comply with a federal mandate contained in the Adoption and Safe Families Act of 1997, Pub.L. No. 105–89. The federal statute addressed the problem of "children being stuck in foster care for indeterminate periods of time while the states attempted to rehabilitate their parents," by establishing the fifteen-month requirement "as a deadline to trigger the filing of a termination petition and to begin permanency planning for the child." *M.D.R.*, 124 S.W.3d at 476. *M.D.R.* holds, however, that the fifteen-month trigger is not *itself* a ground for termination; we believe its discussion also makes clear that the fifteen-month trigger is not relevant where a juvenile officer has exercised her *discretion* under § 211.447.5 to file a termination petition:

Subsection 2 of section 211.447 lists certain circumstances, the existence of which *require* the juvenile officer or the division to file a petition to terminate the parental rights of the child's parent or parents. This subsection does not label these circumstances "grounds for termination." In contrast, subsection 4 of section 211.447 [now subsection 5] enumerates certain parental conduct, the existence of which *permits* a juvenile officer or the division to file a petition to terminate parental rights and explicitly labels these circumstances "grounds for termination."

124 S.W.3d at 475.

Relying on *M.D.R.*, the Southern District in *In the Interest of K.K.*, 224 S.W.3d 139 (Mo.App. S.D.2007), rejected the precise argument mother makes here:

Citing § 211.447.2(1), Mother's first point contends the trial court lacked jurisdiction because, when the petition to terminate her parental rights was filed, the children had not been in foster care for at least 15 of the most recent 22 months. Mother argues that this 15-month minimum time frame must be satisfied even when the petition to terminate is based on one or more of the grounds specified in § 211.447.4 [now § 211.447.5]. We disagree.

... At one time, ... subsection [211.447.2(1)] was treated as an independent ground for terminating a parent's rights. This interpretation of § 211.447, however, was incorrect. In *M.D.R.*, the Supreme Court held that § 211.447.2(1) merely contains a temporal trigger determining when a juvenile officer or the Division is required to file a termination petition. In contrast, § 211.447.3 and

**2.** *K.M.* interprets § 211.447, RSMo 2000. As *K.M.* notes, 249 S.W.3d at 268 n. 1, the General Assembly amended and recodified § 211.447 in 2007. In particular, the 2007 amendment added a new subsection 3 to

§ 211.447, which resulted in the renumbering of later subsections. The grounds for termination previously enumerated in § 211.447.4, RSMo 2000, now appear in § 211.447.5.

§ 211.447.4 identify certain parental conduct which permissively authorizes a juvenile officer or the Division to file a termination petition. . . .

In the case at bar, § 211.447.2 has no application because the children were not in foster care long enough to require the juvenile officer or the Division to file a petition to terminate Mother's rights, and this subsection was not used as a ground for termination. Instead, the deputy juvenile officer relied in the petition upon § 211.447.4(2) and § 211.447.4(3) as the statutory grounds for terminating Mother's parental rights.

*K.K.*, 224 S.W.3d at 148–49 (citations omitted).

Under *M.D.R.* and *K.K.*, the fact that M.N. had not been in foster care for the period necessary to *require* the filing of a termination petition under § 211.447.2(1) has no effect on the juvenile office's exercise of its discretionary authority to seek termination of L.N.'s parental rights under § 211.447.5. To the extent that *In the Interests of K.M.*, 249 S.W.3d 265 (Mo.App. W.D.2008), suggests that a court can only terminate parental rights under § 211.447.5 where the temporal condition of § 211.447.2(1) has first been satisfied, it is overruled and should no longer be followed.[3]

As indicated above, we have explained the reasons for our rejection of L.N.'s other arguments in a memorandum provided to the parties pursuant to Rule 84.16(b).

The judgment is affirmed.

All concur.

---

**3.** Pursuant to Supreme Court Operating Rule 22.01 and Local Rule XXXI, this opinion has been reviewed and approved by order of the court en banc.