

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| In the Interest of T.E.L.I., Greene County Juvenile Office, | ) ) ) |
| Respondent, | ) ) No. SD37948 |
| vs. | ) ) FILED: August 2, 2023 |
| D.W.L., | ) ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

Honorable Joseph W. Schoeberl, Judge

**AFFIRMED**

D.W.L. ("Father") appeals the circuit court's judgment terminating his parental rights over T.E.L.I. ("Child") on the statutory grounds of neglect, *see* section 211.447.5(2), and failure to rectify, *see* section 211.447.5(3).[1]  Finding no merit in Father's sole point on appeal, which asserts there was no substantial evidence to terminate his parental rights under both aforementioned statutory grounds, we affirm the judgment.

"This Court will affirm the trial court's decision to terminate parental rights unless the 'record contains no substantial evidence to support the decision, the decision is against the

---

[1] All statutory references are to RSMo Cum.Supp. 2018.

weight of the evidence, or the trial court erroneously declares or applies the law.'" *In re S.M.H.*, 160 S.W.3d 355, 362 (Mo. banc 2005) (quoting *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Section 211.447.6 governs when a trial court can terminate parental rights and sets out certain statutory grounds for termination. There must be clear, cogent, and convincing evidence that one or more statutory grounds for termination exists. *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 815 (Mo. banc 2011), *reversed on other grounds by S.S.S. v. C.V.S.*, 529 SW3d 811, 823 n.3 (Mo. banc 2017).[2]

Neglect and a failure to rectify—the two statutory grounds upon which Father's parental rights were terminated—each require the circuit court to consider and make findings on various enumerated factors. As relevant to Father's sole point, the factor of "[a] mental condition which is shown by competent evidence to be permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control" must be considered under both statutory grounds. *See* sections 211.447.5(2)(a) and 211.447.5(3)(c).

Following a trial in December of 2022, the circuit court issued its judgment containing detailed findings addressing each factor required for termination, including, as set out *supra*, the mental-condition factor. In addressing the mental-condition factor, the circuit court relied, at least in part, on a written report authored by Dr. Bradford, who conducted a psychological examination of Father on October 4, 2021. In that report, which was admitted without objection, Dr. Bradford listed diagnoses of Substance Abuse/Dependency, Generalized Anxiety Disorder, Mood Disorder Unspecified, and Adult Antisocial Behavior.

---

[2] A circuit court must also find by a preponderance of the evidence that termination is in the best interest of the child involved. *In re Adoption of C.M.B.R.*, 332 S.W.3d at 816, *reversed on other grounds by S.S.S. v. C.V.S.*, 529 SW3d 811, 823 n.3 (Mo. banc 2017). Here, Father does not contest the circuit court's best interest determination.

In his sole point, Father claims the circuit court's judgment "was not supported by substantial evidence" but only to the extent "there was insufficient competent evidence of a mental condition which is permanent or such that there is no reasonable likelihood that the condition can be reversed and which renders the parent unable to knowingly provide the child the necessary care, custody and control." Father argues that because Dr. Bradford's report was fourteen months old at the time of trial, similar to *In re K.M.*, 249 S.W.3d 265 (Mo.App. 2008), *overruled on other grounds by In re M.N.*, 277 S.W.3d 843 (Mo.App. 2009), the report could not be clear, cogent, and convincing evidence to terminate on the basis of a mental condition. Additionally, Father argues that, similar to *Int. of D.S.H. v. Greene County Juvenile Officer*, 562 S.W.3d 366 (Mo.App. 2018), Dr. Bradford's report "permeates" the judgment such that the claimed error in relying on the report precludes either the finding of neglect or failure to rectify. Both of these arguments are unavailing.[3]

The relevant issue raised and addressed by *In re K.M.* was whether evidence of a nineteen-month-old evaluation, in which a father was diagnosed with various mental conditions, was sufficient evidence of a mental condition supporting the termination of his parental rights. 249 S.W.3d at 271. "Courts have required that abuse or neglect sufficient to support termination . . . be based on conduct at the time of termination, not just at the time jurisdiction was initially

---

[3] As to the preservation of his claim, Father states: "Father raised no objections to any of the evidence offered at trial and made no argument as to the proper weight to be given to the [Dr. Bradford] evaluation, nor did he make any closing argument advocating against the termination of his rights. Accordingly, Father now seeks plain error review." Father's point does not claim error as to the admission into evidence of Dr. Bradford's report. Father cannot make such a claim of error because Father's trial counsel affirmatively announced, "No objection" to Dr. Bradford's report when it was offered into evidence. *See Martens v. White*, 195 S.W.3d 548, 559 (Mo.App. 2006) ("[A]ffirmatively announcing 'no objection' waives even plain error review."). To the extent Father claims the judgment "was not supported by substantial evidence" *even with* Dr. Bradford's report properly in evidence, Father did not necessarily need to take any action at trial to preserve such claim. Section 510.310.4 provides that "[t]he question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court." In any event, however, Father's point and supporting argument fails to demonstrate *any* error committed by the circuit court, as discussed *infra*, plain or otherwise.

3

taken." *Id.* (internal quotation marks omitted). Thus, the Western District of this Court concluded that because the evidence in question was based upon what was "learned nineteen months before the termination hearing, no clear, cogent, and convincing evidence was presented to support termination of parental rights on the basis of [a] mental condition." *Id.* at 272.

Here, however, the circuit court's mental-condition findings were not limited solely to Dr. Bradford's report. Dr. Bradford concluded, as acknowledged by the circuit court, that "[a]ll of the diagnoses that [Father] has been diagnosed with are treatable. . . " but with the caveat that such treatment "requires a commitment and initiative of [Father] to seek out and engage with the treatment." Evidence of Father's failure to engage with such treatment following diagnosis was supplied by Father's *own* testimony. Specifically, as noted by the circuit court, "[Father] testified that he has not been consistently engaging in treatment for his mental health or his substance abuse at least in part because he has been depressed and upset at his child being under the jurisdiction of the Juvenile Court." "Consequently, [Father] has had trouble with maintaining employment and stable housing due at least in part to his substance abuse and untreated mental health needs." Thus, in contrast to *In re K.M.*, the circuit court's judgment was based on conduct—Father's refusal to pursue treatment for his diagnosed mental health conditions—that was occurring at the time of termination.

Moreover, the finding that Father suffered from one or more mental conditions is not even necessary to sustain the judgment. "[T]here is no statutory requirement that a factor listed under a ground for termination be proven by clear, cogent, and convincing evidence; rather, that burden of proof applies to the ground for termination." *In Int. of T.T.G. v. K.S.G.*, 530 S.W.3d 489, 495 (Mo. banc 2017) (internal quotation marks omitted). "While the trial court must make

findings on each factor, parental rights may be terminated on the finding of *one* factor." ***Int. of J.G.W.***, 613 S.W.3d 474, 480 (Mo. App. 2020) (internal quotation marks omitted).

Neglect, for example, has four factors. In addition to the already-discussed mental-condition factor, the circuit court found additional proof of neglect under the chemical-dependency factor, *see* section 211.447.5(2)(b), and the failure-to-provide factor, *see* 211.447.5(2)(d). As to the chemical-dependency factor, the circuit court found:

> Whether or not there is a chemical dependency that would prevent the parent from consistently providing the necessary care, custody, and control of the minor child and that cannot be treated so as to enable the parent to consistently provide such care, custody and control: [Father] suffers from such a chemical dependency. [Father] has admitted to using methamphetamine since his mid-twenties, he feels that using methamphetamine calms him and helps his sleep. After [Child] was removed [Father] was referred and admitted to the Family Treatment Court; however, the program was not a good fit for [Father] and he was expelled. [Father] admits that he has been unable to obtain and maintain sobriety on his own. The random drugs [sic] [tests] that he has completed have all been positive for controlled substances that have not been prescribed to him.

> [Father]'s controlled substance use has resulted in his having limited contact with [Child] because he was often angry and belligerent in visits, unable to focus on [Child] and [Child]'s needs. His substance abuse has caused his [sic] to lose his employment and he has been unable to maintain appropriate housing. At the time of trial [Father] was struggling with being able to meet his own basic needs let alone the needs of [Child] despite having been provided referrals and avenues for services by the case worker for more than two years.

And as to the failure-to-provide factor, the circuit court found:

> Whether or not there was a repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development: [Father] has so neglected [Child]. [Father] has not provided for any of [Child]'s needs since [Child] came into custody. [Father] has provided some in-kind items for [Child] at visits as well as gifts and toys, however, since the visits were temporarily halted in the summer of 2022 [Father] has not been providing any support. When visits were occurring between [Father] and [Child] [Child]'s behaviors increased, [Child] expressed fear of [Father]'s anger and mood swings, [Child] started wetting his pants and soiling himself after the visits. [Father] has never acknowledged the needs of [Child] and has not taken any steps to try and help [Child] with his behaviors. [Father] has not provided for [Child]'s food,

5

clothing, shelter or education. At the time of trial [Father] was no longer receiving supplemental income from his mother, had lost his job and had not paid his rent for a couple months. [Father] expressed a desire to put his belongings in storage, drive his car to a parking lot and disappear for thirty days. In short, [Father] is not able to meet his own needs and is not and will be unable to for the foreseeable future meet the needs of [Child].

Father fails to meaningfully address either of the above neglect factors, any one of which is sufficient to support termination, *Int. of J.G.W.*, 613 S.W.3d at 480, let alone address any of the other factors under the failure-to-rectify statutory ground for termination. Father's reliance on *Int. of D.S.H.*, 562 S.W.3d at 373 (holding that termination judgments were permeated with findings of fact concerning physical and emotional abuse that were supported only by erroneously-admitted hearsay statements), is misplaced because that case, contrary to the instant case, involved a claim contesting the *admission* of certain evidence. Even so, as was the case with the mental-condition factor, much of the circuit court's findings as to the chemical-dependency and failure-to-provide factors, that specifically address Father's conduct at the time of termination, *see In re K.M.*, 249 S.W.3d at 271, are based, not on Dr. Bradford's report, but rather on either Father's own trial testimony or the testimony of Child's case worker.

For all of the foregoing reasons, Father's point that the circuit court's judgment "was not supported by substantial evidence" is without merit and is denied. The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR
MARY W. SHEFFIELD, J. – CONCURS
JENNIFER R. GROWCOCK, J. – CONCURS