

## Missouri Court of Appeals
### Southern District

### In Division

In the Interest of Z.R.L.C.,     )
    )
GREENE COUNTY JUVENILE OFFICE,     )
    )
    Respondent,     )
    )     No. SD38520
    vs.     )
    )     **Filed: October 24, 2024**
C.R.A.W.,     )
    )
    Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Daniel R. Wichmer, Judge

### <u>AFFIRMED</u>

Appellant C.R.A.W. is the father of the minor child Z.L.R.C. ("Child"). In September of 2018, shortly after Child's first birthday, Child came under the jurisdiction of the juvenile division of the circuit court and was placed in foster care. Appellant was in jail awaiting trial on charges of second-degree murder, armed criminal action, and conspiracy to deliver a controlled substance. Child remained in foster care until August of 2020, when he was released to the care of his mother.

Child came into foster care a second time in March of 2022. At that time, Appellant was

an inmate in the Missouri Department of Corrections serving time for felony convictions. A petition for termination of parental rights was filed on December 28, 2022, and a first amended petition was filed in July of 2023. A hearing was held on the first amended petition in January of 2024.

At that hearing, the trial court heard testimony that Appellant knew Child was in foster care, yet there was no evidence Appellant participated in services to aid in reunification, he never contacted Child, and he provided no financial or in-kind support for Child. Appellant had last seen Child in person when Child was seven months old. Appellant would not be eligible for release from prison until May 2028 at the earliest. Child's guardian ad litem recommended termination of Appellant's parental rights as being in Child's best interest. Appellant's parental rights were terminated on the grounds of abuse and/or neglect (§ 211.447.5(2)),[1] failure to rectify (§ 211.447.5(3)), and parental unfitness (§ 211.447.5(5)).

Appellant's first two points relied on alleged misapplication of the law in finding him to be an unfit parent pursuant to § 211.447.5(5) and in terminating his parental rights on that basis. "[I]t is the burden of an appellant to show circuit court error, and we will affirm unless the appellant meets that burden." *Interest of M.L.P.*, 688 S.W.3d 821, 828 (Mo.App. 2024). We review constitutionality and interpretation of a statute *de novo*. *Interest of E.G.*, 683 S.W.3d 261, 265 (Mo. banc 2024). When applying *de novo* review in determining how the law applies to the facts of a case, we defer to the fact-finder's assessment of the facts. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012).

A juvenile division of the circuit court may terminate parental rights if termination is in

---

[1] Statutory references are to RSMo Cum. Supp. (2021).

the best interest of the child and it appears by clear, cogent, and convincing evidence that one of the grounds for termination of parental rights listed in §§ 211.447.2, 211.447.4, or 211.447.5 exists. Section 211.447.6. One such ground, "parental unfitness," is defined in § 211.447.5(5):

(a) The parent is unfit to be a party to the parent and child relationship because of a consistent pattern of committing a specific abuse including, but not limited to, specific conditions directly relating to the parent and child relationship which are determined by the court to be of a duration or nature that renders the parent unable for the reasonably foreseeable future to care appropriately for the ongoing physical, mental, or emotional needs of the child.

(b) It is presumed that a parent is unfit to be a party to the parent and child relationship upon a showing that:

. . . .

e. For at least fifteen of the twenty-two months prior to the filing of the petition, the child has been in foster care under the jurisdiction of the juvenile court.

Appellant contends § 211.447.5(5) is unconstitutionally vague as applied to incarcerated parents like him in light of § 211.447.7(6), which provides, in pertinent part, "incarceration in and of itself shall not be grounds for termination of parental rights." Our Supreme Court considered this argument from an incarcerated parent and found it "wholly without merit" in *In Interest of J.P.B.*, 509 S.W.3d 84, 89 (Mo. banc 2017).[2] The court held that the parental unfitness ground for termination of parental rights is not unconstitutionally vague even when incarceration is "inextricably tied" to parental unfitness because § 211.447.7, by its express terms, only applies to terminations pursuant to specific subdivisions of § 211.447.5, and termination pursuant to parental unfitness (as currently provided in subdivision 211.447.5(5)) is not one of them. *Id.* We

---

[2] The parental unfitness ground was located in § 211.447.5(6) when *J.P.B.* was handed down. The General Assembly's subsequent reordering of that ground to subdivision (5) of subsection 5 does not change the reasoning, holding, or applicability of *J.P.B*.

likewise reject Appellant's argument and deny point one.

Appellant next argues the trial court unlawfully shifted to him the burden to prove he was a fit parent to avoid a finding of parental unfitness. The juvenile office presented evidence, and Appellant does not dispute, that Child had been in foster care under the jurisdiction of the juvenile court for at least fifteen of the twenty-two months prior to the filing of the petition. That showing triggered the rebuttable presumption of parental unfitness delineated in § 211.447.5(5)(b).

Appellant's complaint is not that the trial court did not permit him to attempt to rebut the presumption or that he actually rebutted the presumption, but that the current version of the statute should be interpreted in the same manner as prior versions of the statute. *See In re M.D.R.*, 124 S.W.3d 469, 473-76 (Mo. banc 2004) ("[I]t is clear that the legislature did not intend [the 15 of the prior 22 months provision] as a ground for termination, but rather solely as a trigger for filing a termination petition.").

The General Assembly has amended § 211.447 several times. We note only a few of those amendments relevant to the issues raised on appeal:

- In 1997, the parental unfitness ground was added along with a presumption of parental unfitness arising when a parent's parental rights to another child have been involuntarily terminated within the prior three years. 1997 Mo. Laws 1129.

- In 1998, the "fifteen of the most recent twenty-two months" ("time-in-care") language was added to the subsection outlining when a TPR petition shall be filed. *M.D.R.*, 124 S.W.3d at 472-76.

- In 2014, the parental unfitness ground was completely rewritten. The general

4

parental unfitness ground was defined in one paragraph, while the existing presumption of parental unfitness and three new presumptions of parental unfitness were set forth in a second, separate paragraph. 2014 Mo. Laws 1431.

- In 2021, subparagraph e, the time-in-care presumption, was added to the four existing circumstances giving rise to a rebuttable presumption of parental unfitness under § 211.447.5(5)(b). 2021 Mo. Laws 463. The time-in-care provision triggering a filing of a petition for termination of parental rights under § 211.447.2 remained in place unchanged. 2021 Mo. Laws 461.

These amendments evidence the General Assembly's clear intent for time-in-care to trigger the filing of a petition for termination of parental rights <u>and</u> to give rise to a rebuttable presumption of parental unfitness. The General Assembly has authority to define parental unfitness as a ground for termination of parental rights and to define the circumstances under which parental unfitness will be presumed. Missouri courts have affirmed application of the presumption of parental unfitness in numerous cases.[3]

Appellant calls our attention to *obiter dictum* from ***M.D.R.***: "The length of a child's stay in foster care may have nothing to do with the parent's ability or inability to care for the child but, instead, may be due to circumstances beyond the parent's control." 124 S.W.3d at 475. This may be true, but it also is true that the "specific conditions" that render a parent unfit may include conditions that result from incarceration. ***J.P.B.***, 509 S.W.3d at 95. It is not incarceration *per se* that renders a parent unable to care appropriately for a child for the reasonably

---

[3] *See, e.g.*, ***In re D.T.L.***, 422 S.W.3d 465 (Mo.App. 2014); ***In re D.M.B***, 178 S.W.3d 683 (Mo.App. 2005); ***In re E.D.M.***, 126 S.W.3d 488 (Mo.App. 2004); ***In re T.A.S.***, 62 S.W.3d 650 (Mo.App. 2001); ***In re C.C.***, 32 S.W.3d 824 (Mo.App. 2000); ***In re A.H.***, 9 S.W.3d 56 (Mo.App. 2000).

foreseeable future; rather, "it is the *duration* of incarceration and the impact of such duration when considering all relevant circumstances, including the child's age, that may render a parent unable to care appropriately for the child for the reasonably foreseeable future." *Id.* at 96. The record in this case shows that Child has been in foster care for four of his six years of life, Appellant has been in jail or prison nearly all of Child's life, Appellant will continue to be incarcerated for years to come, and Child has no emotional bond with Appellant.

Time-in-care may be less egregious than the other circumstances that give rise to the presumption of parental unfitness, but its inclusion in the list of circumstances triggering the presumption of parental unfitness is a policy decision within the purview of the General Assembly, not this court. "'[Appellant's] argument addressed to the court properly should be addressed to the General Assembly. Our function is to interpret the law; it is not to disregard the law as written by the General Assembly.'" *Weiss v. Rojanasathit*, 975 S.W.2d 113, 121 (Mo. banc 1998) (quoting *Laughlin v. Forgrave*, 432 S.W.2d 308, 314 (Mo. banc 1968)). Point two is denied.

We understand Appellant's third, fourth, and fifth points to be challenges to the alternative grounds for termination of parental rights also found by the trial court. Our resolution of points one and two moot these claims of error because only one statutory ground for termination is needed to sustain the judgment. *In Interest of Z.L.G.*, 531 S.W.3d 653, 655-56 (Mo.App. 2017).

Finally, Appellant insists the trial court abused its discretion in finding termination of parental rights to be in Child's best interest. The determination of a child's best interest is a subjective assessment based on the totality of the circumstances. *In re Z.L.R.*, 347 S.W.3d 601, 609 (Mo.App. 2011). "[W]e examine the record for sufficient evidence demonstrating, by a

6

preponderance of the evidence, that termination is in the child's best interest and will reverse on a finding of best interest only if the trial court abused its discretion." *Id.* at 609-10.

> Section 211.447.7 delineates seven factors the trial court must consider in determining whether termination is in the child's best interest. There is no requirement that all seven factors must be found adversely to the parent for termination to be in the child's best interest and, likewise, there is no minimum number of negative factors required for termination.

*Id.* at 610. The trial court found six factors adversely to Appellant and the other factor was not at issue.

We need not scrutinize all of the reasons why the trial court found termination of parental rights to be in Child's best interest because Appellant does not challenge the court's adverse findings on factors four (additional services would be unlikely to enable return to parent within an ascertainable period of time) and six (parent's felony conviction that deprives child of a stable home for a period of years), which, regardless of findings on the other factors, support the trial court's best interest determination. We deny point six and affirm the judgment terminating Appellant's parental rights.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS